1  Kathryn J. Halford (CA Bar No. 068141)
   Email: khalford@wkclegal.com
2  Emily Johnson (CA Bar No. 342847)
   Email: ejohnson@wkclegal.com
3  **WOHLNER KAPLON CUTLER**
   **HALFORD ROSENFELD & LEVY**
4  16501 Ventura Boulevard, Suite 304
   Encino, CA  91436
5  Telephone: (818) 501-8030 ext. 331
   Facsimile: (818) 501-5306
6
   Attorneys for Plaintiffs, Board of Directors
7  of the Motion Picture Industry Pension Plan, et al.

8

9             **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11                    **Western Division**

12

13  BOARD OF DIRECTORS OF THE          CASE NO. 2:24-cv-00968
    MOTION PICTURE INDUSTRY
    PENSION PLAN; BOARD OF             **COMPLAINT FOR BREACH OF**
14  DIRECTORS OF THE MOTION            **CONTRACT, SPECIFIC**
    PICTURE INDUSTRY                   **PERFORMANCE, AND VIOLATON**
15  INDIVIDUAL ACCOUNT PLAN;           **OF ERISA**
    BOARD OF DIRECTORS OF THE
16  MOTION PICTURE INDUSTRY
    HEALTH PLAN,                       [29 U.S.C. §§185, 1145]
17
                Plaintiffs,
18
    vs.
19
    LINCOLNWOOD DRIVE, INC., a
20  terminated Delaware corporation;
    LINCOLNWOOD DRIVE, LLC., a
21  Delaware limited liability company,
    doing business as LINCOLNWOOD
22  DRIVE, INC.,

23              Defendants.

24

25

26

27

28

1    Plaintiffs allege as follows:

2    ## JURISDICTION

3    1.    Jurisdiction is conferred upon this court by the Employee Retirement

4    Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*,

5    and by Section 301(a) of the Labor Management Relations Act of 1947, as

6    amended ("LMRA"), 29 U.S.C. § 185(a).

7    ## VENUE

8    2.    In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e),

9    venue is appropriate in the Central District of California as the place where the

10   Plans are administered and where the contractual obligations alleged herein are to

11   be performed.

12   ## PARTIES

13   3.    Plaintiffs, Board of Directors of the Motion Picture Industry Pension

14   Plan; Board of Directors of the Motion Picture Industry Individual Account Plan;

15   Board of Directors of the Motion Picture Industry Health Plan ("Plaintiffs"), are

16   each the duly selected governing bodies of their respective jointly administered

17   Labor-Management Trust Funds, which were created and are maintained pursuant

18   to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

19   4.    The Motion Picture Industry Pension Plan ("Pension Plan") and the

20   Motion Picture Industry Individual Account Plan ("IA Plan") are employee

21   pension benefit plans as defined by ERISA Section 3(2), 29 U.S.C. § 1002(2). The

22   Motion Picture Industry Health Plan ("Health Plan") is an employee welfare

23   benefit plan as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1). The Pension

24   Plan, IA Plan, and Health Plan (collectively, the "Plans") are multiemployer plans

25   within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§

26   1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within

27   the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were

28   established pursuant to Collective Bargaining Agreements between various

1   employers and employer associations performing work in the entertainment
2   (motion picture and television) industry, and the International Alliance of
3   Theatrical Stage Employees and Moving Picture Machine Operators of the United
4   States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization.
5   The Plans are administered in Studio City, California.

6        5.     Plaintiffs are informed and believe and thereupon allege that, at times
7   relevant herein, LINCOLNWOOD DRIVE, INC., ("Lincolnwood, Inc.") was a
8   corporation, organized and existing under the laws of the State of Delaware and
9   authorized to transact business and transacting business in the state of California
10   as a foreign corporation until its status was terminated effective, January 22, 2019,
11   with its principal place of business located in Los Angeles County, California.

12        6.     Plaintiffs are informed and believe and thereupon allege that, at times
13   relevant herein, LINCOLNWOOD DRIVE, LLC, ("Lincolnwood, LLC") is a
14   foreign limited liability company organized and existing under the laws of the
15   State of Delaware and authorized to transact business and transacting business in
16   the state of California as of January 22, 2019. Plaintiffs are further informed and
17   believe and thereupon allege that since its formation Lincolnwood, LLC has done
18   business under the name of Lincolnwood, Inc. Lincolnwood, Inc. and
19   Lincolnwood, LLC are collectively referred to herein as "the Defendants" or
20   "Lincolnwood".

21        7.     Plaintiffs are informed and believe and thereupon allege that at all
22   times alleged herein Defendants have been employers performing work in an
23   industry affecting commerce within the meaning of the LMRA and ERISA.

24        8.     This Complaint is prosecuted pursuant to LMRA Section 301(a), 29
25   U.S.C. § 185(a), and ERISA Sections 502 and 515, 29 U.S.C. § 1132 and 1145, to
26   enforce the provisions of ERISA against employers engaged in an industry
27   affecting commerce.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT - SPECIFIC PERFORMANCE

9.     Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 8, as if fully set forth herein.

10.     On or about May 20, 2014, Lincolnwood, Inc. and the IATSE entered into an Agreement of Consent ("Agreement") for the television series "Divorce Court" whereby Defendant agreed to be bound to the provisions of the Producer-IATSE Basic Agreement ("Basic Agreement") for all work covered by the Basic Agreement and to each revised Basic Agreement unless terminated in accordance with the provisions of the Agreement. A true and correct copy of the Agreement of Consent is submitted herewith and incorporated herein by this reference as Exhibit "1".

11.     On or about August 17, 2018, Lincolnwood, Inc. and the IATSE entered into a Side Agreement whereby Defendant and Twentieth Century Fox Film Corporation acknowledged that they are related entities and that the series "Divorce Court" is subject to the separate collective bargaining agreements between 20th Century and the IATSE. A true and correct copy of the Side Agreement is submitted herewith and incorporated herein by reference as Exhibit "2". The Agreement of Consent and the Side Agreement are collectively referred to as "the Agreements."

12.     In conjunction with the execution of the Agreements, Lincolnwood, Inc. executed a IATSE Trust Acceptance whereby it agreed to become a party to and be bound by all terms and conditions of the Agreements and Declarations of Trusts establishing the Plans ("Trust Agreements") and to make contributions to the Plans for all employees performing work covered by the Agreements.  A true and correct copy of the Trust Acceptance is submitted herewith and incorporated herein by this reference as Exhibit "3".

13.     Plaintiffs are informed and believe and thereupon allege that upon the termination of Lincolnwood, Inc., Defendant Lincolnwood, LLC assumed the obligations of Lincolnwood, Inc. under the Agreements, including the obligations to report and pay contributions to the Plans and continued reporting and paying contributions to the Plans.

14.     The Trust Agreements require Defendant to forward a single, combined weekly remittance report, together with contributions owed to the Plans, for the total hours worked by, or guaranteed to, all employees covered by the Agreements, by the last day of the payroll week. Contributions are deemed delinquent if they are not received within ten (10) workdays from the date such contributions become due.

15.     The Trust Agreements (specifically, Article III of the Pension Plan, Article V of the Health Plan, and Article III of the IA Plan) provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit or an inspection of the records of any Employer which may be pertinent in connection with the said Contributions and/or reports insofar as same may be necessary to accomplish the purposes" of the Plans.

16.     The Trust Agreements further provide that, if an Employer fails to make records available for an audit or inspection and the Plans file a lawsuit to compel the production of documents, the Employer will be liable for the Plans' enforcement expenses including "all reasonable accountants' fees, auditors' fees, attorneys' fees and costs incurred in connection therewith, in addition to any delinquent contributions, liquidated damages, interest, attorneys' fees and costs, whether or not the audit or inspection identifies delinquent contributions."

17.     The Plans have determined that the following production records for the periods of November 8, 2015 through March 2, 2019 and March 3, 2019 through March 4, 2023 of Lincolnwood are necessary to ascertain whether all

1  contributions have been properly reported and paid in accordance with the

2  Agreements and Trust Agreements:

3  - 1099-MISC's issued during the audit period;

4  - Payroll registers;

5  - Timecards and/or check registers; and

6  - Cash disbursements journal and invoices.

7  18.  In accordance with the provisions of the Trust Agreements and the

8  exercise of their fiduciary duties as required by federal statutory and common law,

9  Plaintiffs have demanded that Defendants submit the requested records for audit to

10  ascertain if it has properly reported and paid contributions to the Plans.

11  Defendants have failed to provide the requested records and refused to comply

12  with the Plaintiffs' audit demands, in violation of the Agreements and the Trust

13  Agreements.

14  19.  As a result of the breach of the Agreements and the Trust

15  Agreements, Plaintiffs are unable to ascertain whether contributions have been

16  properly reported and paid to the Plans for covered work, and Plaintiffs have no

17  adequate remedy at law. Plaintiffs are informed and believe and upon that basis

18  allege that they have been damaged as a result of Defendants' breach and failure

19  to provide records for audit and will seek permission of the Court to amend the

20  Complaint once the amount of damages is determined through audit.

21  20.  In accordance with the provisions of the Trust Agreements, Plaintiffs

22  are entitled to an order requiring Defendants to produce the specified records for

23  audit by Plaintiffs.

24  21.  As a result of Defendants' failure to submit to audit, it has been

25  necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford

26  Rosenfeld & Levy. In accordance with the Trust Agreements, Plaintiffs are

27  entitled to recover from Defendant attorneys' fees and costs incurred in enforcing

28  the Trust Agreements, in addition to any other audit costs.

22.     Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF ERISA

23.     Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 22, as if fully set forth herein.

24.     By failing to permit an audit of all requested records by the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendants have violated ERISA Section 515, 29 U.S.C. § 1145.

25.     Without access to the compensation records, Plaintiffs are unable to determine whether Defendants have accurately reported and/or the amount of the delinquency because reporting is based solely on an employer's statement and the Plaintiffs have no quick, economical, or efficient way to determine if the reported contributions are correct. Without access to Defendants' records, Plaintiffs will be unable to determine whether benefits have been properly paid, which may subject Plaintiffs and/or the Plans to penalties, suits, and damages for failure to perform their duties, the gross sum of which is incalculable, speculative, and leading to irreparable damage.

26.     In accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2)(E) and 515, 29 U.S.C. §§ 1132(g)(2)(E) and 1145, and ERISA Section 502(a)(3), 29 U.S.C. § 1132(a)(3), Plaintiffs are entitled to and hereby demand, as appropriate equitable relief, that the Court issue an order requiring Defendants to make the records of Lincolnwood requested herein for the periods of November 8, 2015 through March 2, 2019 and March 3, 2019 through March 4, 2023 available for audit by the Plans.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Lincolnwood Drive, Inc., a terminated Delaware corporation and Lincolnwood

Drive, LLC, a Delaware limited liability company, doing business as Lincolnwood Drive, Inc. as follows:

### ON ALL CLAIMS FOR RELIEF

1.      For an Order compelling audit, whereby Defendants  shall be directed by the Court within a specified time after entry to:

A.      Make available for audit by the Plans the following books and records of Lincolnwood for the periods of November 8, 2015 through March 2, 2019 and March 3, 2019 through March 4, 2023: 1099-MISC's issued during the audit period; payroll registers; timecards and/or check registers; and cash disbursements journal and invoices.

B.      Afford to the Plans ample time and opportunity to examine all of Defendants' materials as specified above, without harassment, at such time and at such place as shall be convenient to the authorized representative(s) of the Plans;

2.      That, if Defendants cannot produce all the records that the Plans are required to examine, the Court enter an Order Compelling Record Reconstruction, whereby Defendants shall be directed by the Court within a specified time after the entry thereof, to:

A.       Apply to the Federal and State agencies with which Defendants previously filed periodic reports pertaining to employees for copies of reports to them for all periods for which Defendant cannot produce records; and

B.      Subsequently make available to the Plans all such copies of all periodic reports to the Federal and State agencies under the conditions set forth in 1(B), above;

3.      For auditors' fees;

4.      For reasonable attorneys' fees incurred in prosecuting this action;

5.      For costs of suit; and

1

## ON THE SECOND CLAIM FOR RELIEF

2    6.    For such other relief as this Court deems appropriate pursuant to

3  ERISA Sections 502(a)(3) and (g)(2)(E), 29 U.S.C. § 1132(a)(3) and (g)(2)(E).

4

5  DATED:  February 5, 2024                Kathryn J. Halford
                                           Emily Johnson
6                                          **WOHLNER KAPLON CUTLER**
                                           **HALFORD ROSENFELD & LEVY**
7

8

9                              By:  _Kathryn J. Halford_____

10                                  Kathryn J. Halford
                                    Attorney for Plaintiffs,
11                                  Board of Directors of the Motion Picture
                                    Industry Pension Plan, et al.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28